BARFIELD, Judge,
dissenting:
I cannot concur in this court awarding bad faith attorney fees upon disagreement with the factual findings made by the deputy commissioner after recasting the facts and selective isolation of portions of the record. The selected testimony of the claims representative and the stipulation of counsel said that during the time of appeal the carrier did not contact the claimant or furnish him wage loss forms. This does not lead to a conclusion of law or conclusive factual presumption that the carrier acted in bad faith. There is nothing in the record to show claimant needed any wage loss forms, but there is ample evidence that claimant used the wage loss forms for years. Nowhere in the deputy commissioner’s order does he say anything about claimant’s representation by an attorney other than to identify the attorney in the preface to the order. After all, this was a hearing on attorney fees. Suggesting the deputy may have had a mistaken view because the carrier’s attorney mentioned somewhere in the record that the claimant had a lawyer is the wildest form of speculation. It ignores the presumption of correctness attached to the deputy’s order which makes no mention of the lawyer’s role in advising his client.
In my view the deputy commissioner did err in not addressing the claim for fees based on a denial of compensability. While the hearing focused on the question of bad faith, the record clearly placed the alternate ground before the deputy and required a finding by the deputy. The claimant called this omission to the attention of the deputy by motion for rehearing, but claimant was required to file his notice of appeal because of time constraints in the absence of an order from the deputy vacating the order under review. The order should be reversed and remanded for a finding on the issue of denial of compensa-bility.